1  **KAZEROUNI LAW GROUP, APC**
2  Abbas Kazerounian, Esq. (SBN: 249203)
   ak@kazlg.com
3  Jason A. Ibey, Esq. (SBN: 284607)
4  jason@kazlg.com
   245 Fischer Avenue, Unit D1
5  Costa Mesa, CA 92626
6  Telephone: (800) 400-6808
   Facsimile:  (800) 520-5523
7
8  **BRAVO LAW GROUP, APC**
   Gregory L. Cartwright, Esq. (SBN: 201698)
9  greg.cartwright@bravolawgroup.com
10 4025 Camino Del Rio South, Suite 300
   San Diego, CA 92108
11 Telephone: (858) 300-1900
12
   [Additional Counsel on Signature Page]
13
   *Attorneys for Plaintiff,*
14 Kirill Levchenko
15
                **UNITED STATES DISTRICT COURT**
16              **SOUTHERN DISTRICT OF CALIFORNIA**

17 | KIRILL LEVCHENKO, | Case No.: **'17CV0875 LAB BGS** |
   | Individually and On Behalf of All | |
18 | Others Similarly Situated, | **CLASS ACTION** |
19 | | |
   | Plaintiff, | **COMPLAINT FOR DAMAGES AND** |
20 | | **INJUNCTIVE RELIEF PURSUANT** |
21 | v. | **TO THE TELEPHONE CONSUMER** |
   | | **PROTECTION ACT, 47 U.S.C. §§** |
22 | | **227, *ET SEQ*.** |
23 | DCI RESORTS, INC., | |
   | | **JURY TRIAL DEMANDED** |
24 | Defendant. | |

**CLASS ACTION COMPLAINT**

# INTRODUCTION

1. Plaintiff KIRILL LEVCHENKO ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant DCI RESORTS, INC. ("Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

   > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

   *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12–13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. *See* 47 U.S.C. §§ 227, *et seq*.

6. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a)    is authorized to conduct business in this district and intentionally availed itself of the laws and markets within this district;

    (b)    does substantial business within this district;

    (c)    is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)    the harm to Plaintiff occurred within this district.

## PARTIES

7. Plaintiff is, and at all times mentioned herein, was a citizen and resident of the County of San Diego, State of California.

8. Plaintiff is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (39).

9. Plaintiff is informed and believes, and thereon alleges, that DCI RESORTS, INC. is, and at all times mentioned herein, was a Delaware corporation, and is a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

11. At no time did Plaintiff ever enter into a business relationship with Defendant.

12. On or about March 9, 2017, at approximately 7:20 p.m. PST, Defendant placed a telephone call to Plaintiff's cellular telephone number ending in "0149."

13. The telephonic communication was initiated from a telephone number displayed as (858) 360-7135.

14. Plaintiff is informed and believes and thereupon alleges that Defendant spoofed its Caller ID information, or otherwise used an internet-based number to conceal its true location and/or identity.

15. Upon answering the call, Plaintiff experienced a long pause before a prerecorded voice came on the line.

16. Eventually the voice stated, "Can I ask you a few questions before I transfer you to a travel coordinator who will give you all the details on your amazing vacation?"

17. When Plaintiff did not immediately respond, the voice said, "I'm so sorry I couldn't hear you clearly," then repeated the phrase, "Can I ask you a few questions before I transfer you to a travel coordinator who will give you all the details on your amazing vacation?"

18. Plaintiff asked, "Is this a real person?" After a long pause, the voice then replied, "This is Emily with DCI Resorts, can I ask you a few questions before I transfer you to a travel coordinator who will give you all the details on your amazing vacation?"

19. The call was disconnected when Plaintiff again asked, "Is this a person? Is this a real person?"

20. Plaintiff immediately attempted to redial the phone number but was unable to reach a live person.

21. Upon information and belief—due to the long pauses, delayed and repetitious nature of the responses, and the monotonous tone of voice—Plaintiff alleges an artificial or prerecorded voice was used in the above-described telephone call to Plaintiff, and was transmitted using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

22. Defendant's call constituted a call that was not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Upon information and belief, this telephone call was made to Plaintiff for the purpose of soliciting Plaintiff's business in relation to the sale of a vacation package.

24. The telephone call was unwanted by Plaintiff.

25. Defendant did not have prior express written consent to place the solicitation call to Plaintiff, or any call to Plaintiff for any purpose.

26. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

28. The telephonic communication by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

29. Defendant's call was placed to a telephone number assigned to a paid cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

30. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

31. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted automated call to Plaintiff's cellular telephone.

32. Defendant's call forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

33. Defendant's call to Plaintiff's cellular telephone number was unsolicited by Plaintiff and was placed without Plaintiff's permission or consent.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

35. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from DCI Resorts, Inc. or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within four years prior to the filing of this Complaint.

36. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents,

illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS and/or with an artificial or prerecorded message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and by invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

38. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted, as facts are learned during further investigation and discovery.

39. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system and/or prerecorded or artificial voice to any telephone number assigned to a cellular phone service;

    b)    Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

    c)    Whether Defendant's conduct was knowing and/or willful;

    d)    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    e)    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

41. As a person that received at least one telephonic communication from Defendant using an ATDS and/or prerecorded or artificial voice, without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

42. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any Class members could afford to seek legal redress for the wrongs complained of herein.

43. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these

claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227 *ET SEQ.*

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

48. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227 *ET SEQ.*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B)&(C).

53. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Providing such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Prejudgment interest;
- Attorney's fees pursuant to the common fund doctrine;
- Costs; and
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.***

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Prejudgment interest;
- Attorney's fees pursuant to the common fund doctrine;
- Costs; and
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 1, 2017

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  /s/ ABBAS KAZEROUNIAN
     Abbas Kazerounian, Esq.
     *Attorney for Plaintiff*

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022
*Counsel for Plaintiff*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626